

FILED & ENTERED

MAR 03 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Fisher    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Mark Alan Shoemaker<br><br>Debtor(s).<br><br>U.S. Trustee<br><br>Plaintiff(s),<br><br>v.<br><br>Mark Alan Shoemaker<br><br>Defendant(s). | CHAPTER 7<br><br>Case No.: 1:14-bk-15182-GM<br>Adv No: 1:14-ap-01206-GM<br><br>**TENTATIVE RULING RE: U.S. TRUSTEE'S MOTION FOR PROTECTIVE ORDER PREVENTING EXCESSIVE DISCOVERY BY DEFENDANT (dkt. #95)**<br><br>Date: March 1, 2016<br>Time: 10:00 a.m.<br>Courtroom: 303 |

  Below is the Court's Tentative Ruling in connection with the U.S. Trustee's Motion for a Protective Order Preventing Excessive Discovery by the Defendant:

  The movant asserts that Shoemaker has served at least 158 document production demands, many of which are not germane to this adversary proceeding.

There have been multiple meet-and-confers, but no agreement has been reached in that Shoemaker has refused to reduce the number of discovery requests. The UST seeks a court order that Shoemaker stop seeking from the UST information and documentation that is privileged, confidential and irrelevant and targeted at or about third parties including trustee Siegel. This seems to be an attempt to harass and overly burden the Plaintiff and to continue to assert long-dismissed counterclaims against the third parties.

This is an action under §727(a)(2), (a)(3), and (a)(4) to deny discharge for intentional transfer of concealment of property of Debtor or of the Estate, failure to keep or preserve recorded information, false oath, and withholding of documents and records. Debtor filed an answer and counterclaims against United States Trustee Peter Anderson, Assistant UST Jill Sturtevant, and Chapter 7 Trustee Alfred Siegel for equitable indemnity, declaratory relief for violation of §704, negligence, and breach of fiduciary duty. All of these have been dismissed.

Discovery was immediately begun on both sides, but was stayed at the 6/14/12 status conference. The UST filed a second amended complaint on 1/7/14 and that is the operative document. The discovery stay was later lifted and there is a new discovery cutoff date of 12/1/15. Plaintiff has served discovery on Shoemaker, but he has not substantively responded.

In October 2015, for the first time since the August 2011 service of the UST's discovery responses, Shoemaker began demanding additional and supplemental information and documentation related to those initial discovery responses. The UST has tried to resolve this, but to no avail.

Not only are these demands irrelevant, many of them are redundant of discovery that the UST has already provided:

> In particular, the U.S. Trustee has produced the digital recordings of each session of the 341(a) meeting of creditors conducted in *In re: Mark Alan Shoemaker,* Case No. 2:10-bk-30910 TD via CD; together with written transcriptions of the July 6, 2010 session and the February 23, 2011 session of 341(a) meeting of creditors conducted in *In re: ,Mark Alan Shoemaker,* Case No. 2:10-bk-30910, and specifically referenced documents already in Defendant Shoemaker's possession, such as bank statements for Citibank Account number ending in 0665, from April 1, 2010 to and through January 2, 2011, previously provided by Defendant Shoemaker to the U.S. Trustee on or about November 22, 2010 and January 27, 2011; a "Wire Transfer Detail" for a June 21, 2010 incoming wire of $23,516.83 from the "George McFarland, Trust II 006123" into Citibank Account number ending in 0665, previously provided by Defendant Shoemaker to the U.S. Trustee on or about April 1, 2011; and responses to subpoenas to third-party banking institutions, Wells Fargo and Citibank, requesting statement information for accounts held by Defendant Shoemaker. Moreover, to the extent that U.S. Trustee has been able to locate any additional, non-duplicative documents responsive to Shoemaker's discovery requests which are not subject to privilege, confidentiality, privacy and are relevant within the scope of the Federal Rules of Evidence, Plaintiff U.S. Trustee has produced those documents to Shoemaker as well. (motion, dkt. 95, p. 9)

Before ruling on this motion, the Court is determining the motion to strike a variety of affirmative defenses. The remaining issues in this case concern (1) the statute of limitations, (2) whether Debtor disclosed the transfers discussed above and, if so, when, (3) whether the Debtor received or made the transfers discussed above and whether these were required to be disclosed, (4) what documents and property the Debtor provided to the Trustee, (5) whether the information and books and records were sufficient to meet the requirements of §727(a) and, if not, why not, and (6) whether the Debtor disclosed all assets and liabilities as required by the bankruptcy code.

Very little of this information is in the hands of the UST.

As to Special Interrogatories, Set No. Two:

Grant the protective order as to the following: ## 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21.

Overrule the protective order as to the following: ## 6, 7.

As to Production of Documents, Set No. One:

    #1, 2, 3, 4 – overly broad

    #5 – relevant, but needs to be more specific, let's tailor it a bit

    #6 – irrelevant

    #7, 8, 9, 10 – Shoemaker is entitled to all non-privileged documents in these categories. The UST is to provide a privilege log and a declaration as to documents previously produced and that no other documents remain except as listed on the privilege log. There is probably overlap between these and those requested in Set No. Two. To that extent, follow the ruling in Set No. Two.

As to Production of Documents, Set No. Two:

    This joint stipulation is over 700 pages long. The Court requested and received from the UST a clean copy of the request to produce containing an indication of each objection and the grounds for that objection (dkt. 129).

    #12-27, 30-40, 43-54, 57-69, 72, 74-78, 95-96, 98, 99-101, 111-117, 120-122 – These are objected to on the grounds that they were previously fully complied with. No further production is required if the UST provides a declaration to that effect.

    #97 – this is a duplicate of #89, which has not been objected to.

#104, 106, 118, 123, 140-151 – These are all irrelevant, particularly given the intended ruling on the motion to strike

#81-86, 92-94, 119, 125-128 – These are all irrelevant, particularly given the intended ruling on the motion to strike.  As to the privilege objection, that need not be dealt with at this time because of the relevance ruling.  However, if I change the ruling on relevance for that the privilege issue must be dealt with, I do not understand what privilege the UST is asserting.

#102 – This is objected to as privileged.  It is a vague request.  I interpret it to me that to the extent that there are documents that fall into the categories that have not been successfully objected to, the UST needs to produce those or give a privilege log of any such documents not being produced.  A declaration that all documents in these categories have been produced and a privilege log (if there are privileged documents that fall into these categories) will be sufficient.

#129-139 – As to the objection that these deal with third parties, to the extent that the UST actually has the records, that objection is overruled.  As to the issue of relevancy, the only issue here (given the ruling on the motion to strike) might be the defense of advice of counsel.  To the extent that we can limit these requests, I will allow some production in that area – if any such documents exist.

#124 – This also concerns advice of counsel defense. To the extent that the UST has any such documents, they are to be produced.  However, it is understood that the UST does not make the decision of what is or may be malpractice by Shoemaker's attorney.

#113-115 – These requests are irrelevant.

#152 – This is irrelevant.  Also, all transcripts have already been produced.

#107-110 – These concern information that the Debtor may have had prior to receiving the distribution of money from the McFarland Trust. The bankruptcy was filed on 5/25/10 and the distribution was on 6/21/10.  Is this correct?  To that extent, these are relevant and if the UST has any such documents they are to be produced.

For clarity, the following were not objected to: ##28, 29, 41, 42, 55, 56, 70, 71, 73, 79, 80, 87-91, 103, 105.

Date: March 3, 2016

Geraldine Mund
United States Bankruptcy Judge